IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARISELA MERINO, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

RCG RIFLE, LLC, MICHAEL SPRADLIN and SARA MARTZ, collectively d/b/a Rib City Grill,

    Defendants

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Defendants RCG Rifle, LLC, Michael Spradlin and Sara Martz.

### STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq*. (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order and/or Overtime and Minimum Pay Standards Order (the "Minimum Wage Order") contain various rules regarding employee wages and hours. Defendants violated these laws by diverting employee tips, failing to pay the minimum wage for all hours worked and failing to provide required meal and rest breaks. This action seeks to recover damages and backpay to compensate all current and former employees of Defendants for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an individual and resident of the State of Colorado.

3. RCG Rifle, LLC is a Colorado limited liability company conducting business in Colorado.

4. Michael Spradlin is an individual and resident of the State of Colorado.

5. Sara Martz is an individual and resident of the State of Colorado.

6. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

## FACTUAL BACKGROUND

7. The FLSA, Wage Claim Act and Minimum Wage Order, which govern the wages and hours of thousands of Colorado employees, establish a minimum wage and address issues such as employee entitlement to and calculation of overtime pay.

8. Rather than pay the full hourly minimum wage to servers and other employees, restaurants historically have sought to offset the minimum with tips and gratuities left by restaurant patrons.

9. In a compromise between the interests of restaurant management and those of employees, legislators developed the concept of the "tip credit." As the name implies, the tip credit allows restaurants to take a credit against the minimum wage for employee tips. Therefore, under federal and state law, restaurant management is entitled to pay a sub-minimum wage to servers and other tipped employees. This lower hourly rate is known in the industry as the "server minimum".

10. Before taking the tip credit, however, restaurants must adhere to certain strict pre-conditions. In addition to adequately informing employees about the tip credit, restaurants must allow employees to keep all of their tips.

11. The sole exception to this restriction is what is known as a "tip pool". Again, as implied by the name, in a tip pool, those employees who actually receive tips directly from restaurant customers pool their tips with other "front of the house" restaurant employees who assist in servicing the customer.

12. State and federal law allow restaurants to mandate that tipped employees participate in a tip pool whereby tips are distributed according to some reasonable formula among certain employees in the service chain. A *valid* tip pooling arrangement does not interfere with management's entitlement to claim a tip credit against the minimum wage.

13. There is, however, one critical restriction on tip pooling – for a tip pool to be valid, only those employees who "customarily and regularly" receive tips may partake in the pool. Generally, these "customarily and regularly" tipped employees include only "front of the house" employees such as servers and hostesses. In other words, "back of the house" employees such as chefs, dishwashers and food preparers cannot participate in the tip pool and must be paid the full minimum hourly wage. Similarly, under no circumstance may restaurant owners and management participate in the tip pool and/or divert tips for their own use.

14. For several years, Defendants have operated three "Rib City" barbeque restaurants located in Grand Junction, Fruita and Rifle, Colorado. Plaintiff worked for Defendants at the Fruita location and contributed to its tip pool. In violation of state and federal

law, however, Defendants distributed a significant portion of the tip pool to owners, management, kitchen staff and/or other employees who are not "customarily and regularly" tipped.

15. The misuse of tips and participation of non-tipped employees invalidates Defendants' tip pool and nullifies Defendants' entitlement to claim a tip credit against the minimum wage. Defendants are liable for, among other things, paying a sub-minimum wage to current and former employees and for all tips diverted improperly.

16. In addition to the conduct described above, Defendants otherwise have violated the legal requirements for taking the tip credit by failing to properly inform employees about the credit. Moreover, Defendants failed to provide Plaintiff and other employees the meal and rest breaks required by the Minimum Wage Order.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17 Plaintiff brings this action as a FED.R.CIV.PROC. 23 class action, on behalf of herself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER TIP CREDIT EMPLOYEES WHO WORKED FOR ANY OF THE DEFENDANTS DURING THE APPLICABLE LIMITATIONS PERIOD.

18. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of Defendants

    are common to the Class and predominate over any individual issues which may exist.

c.  The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

e.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.  The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.  Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class

as a whole.

19. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subject to Defendants' common practice, policy or plan regarding employee wages and hours.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

20. Plaintiff incorporates by reference all of the above paragraphs.

21. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

22. At all relevant times, each Defendant has employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

23. Plaintiff was employed by Defendants.

24. At all times during her employment, Defendants took the tip credit against Plaintiff's hourly wage.

25. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, Minimum Wage Order and FLSA thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff and Class Members have been damaged in an amount to be

determined at trial.  Plaintiff hereby demands payment on behalf of herself and all Class Members in an amount sufficient to reimburse all tip credits taken against their wages as well as all compensation owed for unpaid minimum wages.  This demand for payment is continuing and is made on behalf of any current employees of Defendants whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

27. Plaintiff incorporates by reference all of the above paragraphs.

28. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

29. RCG Rifle, LLC and Rib City Grill are an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

30. At all relevant times, on information and belief, each Rib City restaurant has had gross volume of sales in excess of $500,000.

31. At all relevant times, each Defendant has employed, and/or continues to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

32. Plaintiff was employed by Defendants.

33. At all times during her employment, Defendants took the tip credit against Plaintiff's hourly wage.

34. While employed by Defendants, Plaintiff was engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA.

35. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

36. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)

37. Plaintiff incorporates by reference all of the above paragraphs.

38. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

39. At all relevant times, Defendants have employed, and continue to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

40. Plaintiff was employed by Defendants.

41. As a result of the foregoing conduct, as alleged, Defendants have violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

42. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Class Members and against Defendants as follows:

1. Determining that the action is properly maintained as a class and/or collective

action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

    2.    Ordering prompt notice of this litigation to all potential Class Members;

    3.    Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

    4.    Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

    5.    Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

    6.    Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

    7.    Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of June, 2020.

                              *s/Brian D. Gonzales*
                              _____
                              Brian D. Gonzales
                              THE LAW OFFICES OF
                              BRIAN D. GONZALES, PLLC
                              2580 East Harmony Road, Suite 201
                              Fort Collins, Colorado 80528
                              Telephone: (970) 214-0562
                              BGonzales@ColoradoWageLaw.com

                              *Counsel for Plaintiff*

Case 1:20-cv-01570-NRN   Document 1   Filed 06/01/20   USDC Colorado   Page 10 of 10

## CONSENT TO BECOME A PARTY PLAINTIFF

**Complete and Mail, Text or Email to:**
ATTN: RIB CITY UNPAID WAGES LAWSUIT
The Law Offices of Brian D. Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone/Text: (970) 214-0562
Email: BGonzales@ColoradoWageLaw.com

By signing below, I state that I have been employed by Rib City ("Defendant") and was denied wages required by law. I hereby consent to join this lawsuit seeking unpaid wages based on Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq.* and any applicable state laws.

I hereby designate The Law Office of Brian D. Gonzales, PLLC to represent me for all purposes of this action.

02/18/20   [signature]
Date/Signature

MARISOLA C. MERINO
Print **Full** Name

**\*Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

**\*\* If you do not hear from us after you return this form, please contact us to confirm receipt.**