SETTLEMENT AGREEMENT

Plaintiffs Marisela Merino and Susan Ho (collectively, "Plaintiffs"), on behalf of themselves and the "Settlement Class" as this term is defined in paragraph II.A. and Defendants RCG Rifle, LLC, Michael Spradlin and Sara Martz (collectively, "Defendants," and with Plaintiffs, the "Parties"), through their respective counsel, hereby enter into this settlement agreement ("Agreement") to resolve claims asserted by Plaintiffs individually and on behalf of all Settlement Class members against Defendants in the action referred to below in paragraph I.A.

I. RECITALS

A. On June 1, 2020, Plaintiff filed *Marisela Merino v. RCG Rifle, LLC, Michael Spradlin and Sara Martz,* No. 20-cv-1570-NRN (D.Colo.), alleging that Defendants improperly diverted tips/gratuities and failed to provide adequate meal and rest breaks.

II. DEFINITION OF SETTLEMENT CLASS

A. The "Settlement Class" includes all tip credit servers working at Defendants' Grand Junction, Fruita and Rifle locations at any time between April 1, 2018 and April 1, 2020 who participated in Defendants' former tip pool that included kitchen staff. The list of class members is attached hereto as Exhibit A. The list includes for each member of the Settlement Class their name, last known address, last known personal email address (if any), last known telephone number, social security number, start date of employment, end date of employment (if any), and total amount of tips diverted to kitchen staff from April 1, 2018 to April 1, 2020.

B. Nothing herein will be considered an admission or acknowledgment by the Parties that any class is either proper or improper in this action, except for purposes of Settlement. Neither the Agreement nor approval by the Court of the Agreement will be admissible in any other proceeding regarding the propriety of class action treatment.

C. In the event this Agreement is not approved in full, is terminated, or fails to be enforceable, the Parties will not be deemed to have waived in this action their claims, positions, or defenses, including their positions on whether this action is appropriate for class treatment.

III. COMPROMISE ACKNOWLEDGMENT

A. The Parties and their respective counsel agree that this Agreement is entered into solely upon the basis of a compromise of disputed claims, and that the Agreement is not, and is not to be construed as, an admission by Defendants of any liability or violation of any federal, state, local, or common law, or of any statute, ordinance, regulations, or order. Nor is the Agreement to be construed as an admission by Plaintiffs and their counsel that any of the defenses asserted in this litigation by Defendants are meritorious.

B. The Parties have conducted discovery and investigation of the claims and defenses during this litigation. The Parties have analyzed the facts and relevant law.

C.	Plaintiffs believe that the claims asserted have merit. However, they recognize the significant cost to prosecute the litigation against Defendants through trial and possible appeals and the uncertain outcome and risk of loss in any litigation, especially in a complex action such as this, and the problems and delays inherent in such complex litigation. In addition, Plaintiffs recognize the potential problems of proof and possible defenses to the asserted claims.

D.	Relying on their fact investigations and analyses, as well as the completeness and accuracy of the payroll information provided by Defendants, the Parties engaged in arm's length settlement negotiations over the course of several months.

E.	Plaintiffs believe that this Agreement confers substantial benefits on the Settlement Class and that it is fair, reasonable, adequate, and in the best interest of themselves and the Settlement Class.

F.	Plaintiffs' counsel ("Class Counsel") has independently determined that the terms of this Agreement are fair, reasonable, adequate, and in the best interests of the defined Settlement Class, and that settlement and dismissal of this action with prejudice are proper under the circumstances of this action.

G.	Defendants believe the claims asserted by Plaintiffs on behalf of themselves and the Settlement Class are without merit and deny all the claims and charges alleged by Plaintiffs including any alleged violations arising from any of the acts, omissions, facts, transactions, or occurrences alleged or that could have been alleged in this action.

H.	Defendants deny this action is proper for class treatment, except for settlement purposes, because of intractable management problems that would have been associated with a class trial and the individualized inquiry required to resolve the claim of each Settlement Class member.

I.	Defendants have contested the asserted claims, but has determined that further defense of this action would be protracted, expensive, and contrary to Defendants' best interests and that it is desirable that the action be completely and finally settled upon the terms and conditions set forth herein. In addition, Defendants have taken into account the uncertainty and risks inherent in litigation, particularly in a complex action like this.

J.	Nothing in the Agreement or any action taken to implement it or any statements, discussions, communications, or materials prepared or used during the course of settlement negotiations will be used or considered evidence in any other proceeding involving an alleged violation of any federal, state, local law, duty, or obligation. Nonetheless, this Agreement may be used in a proceeding involving the interpretation or enforcement of the Agreement.

IV.     TERMS OF THE SETTLEMENT AGREEMENT

   A.   Effective Date:  The "Effective Date" is defined herein as the date after the Court enters an order granting final approval of the Settlement and the earlier of the following two events occur:  (1) the time for filing an appeal from the final approval order has expired without the filing of a notice of appeal, or (2) if a timely appeal is filed, the final resolution of that appeal (including any requests for rehearing or a petition for certiorari), resulting in the final judicial approval of the Agreement or withdrawal of such appeal.

   B.   Appointment Of Settlement Administrator

        1.   Defendants' counsel shall serve as the settlement administrator ("Settlement Administrator") to:  (a) provide notice of the settlement to the Settlement Class; (b) administer any opt-out requests and objections to the settlement; (c) set up and administer a qualified settlement fund to disburse all settlement payments or disburse through Defendants' payroll service provider; (d) calculate settlement amounts for each Settlement Class member pre-taxes and other withholdings; (e) calculate and make all payroll tax and other withholdings, including the employer's share of such taxes and withholdings through Defendants' payroll service provider; (f) distribute settlement checks through Defendants' payroll service; (g) mail all necessary IRS forms; and (h) perform any other duties that are necessary to effectuate the Agreement.

        2.   The Parties will cooperate to resolve any issues identified by the Settlement Administrator.

   C.   Preliminary Approval And Notice To Class Members

        1.   The Parties agree to file a Joint Motion Requesting Preliminary Approval of the Settlement and Proposed Order granting such approval on or before July 23, 2021.

        2.   The Settlement Administrator will mail via first class U.S. mail a notice of preliminary approval to each member of the Settlement Class within 15 business days after the date an order preliminarily approving the Settlement is entered, as well as email such notice to Settlement Class members with email addresses.  Such proposed notice is attached to the Agreement as Exhibit B.

        3.   The Settlement Administrator alone is responsible for mailing the notices of preliminary approval to Settlement Class members.

        4.   The notice of preliminary approval will explain that members of the Settlement Class may opt-out of the settlement in accordance with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(4).  Opt-out requests must be sent to the Settlement Administrator within 45 days of the initial mailing of the notice.  The Settlement Administrator will provide copies of opt-out requests to all counsel and Class Counsel will promptly file any opt-out requests with the Court.

        5.   The notice of preliminary approval will inform the Settlement Class members that all objections to the Settlement must be submitted to the Court and served upon

all counsel of record no later than 45 days after the initial mailing of notice of preliminary approval. Such objections must state the basis and, if the objector intends to appear at the final approval hearing, he or she must state such fact and the purpose of the appearance. The Parties will be permitted to respond to objections within the period set by the Court in its order granting preliminary approval. Settlement Class members who fail to file and serve timely objections will be deemed to have waived objections to the Settlement and will be foreclosed from making objections. By failing to make timely objections to the Settlement, Settlement Class members will be bound to this Settlement and also be foreclosed from appealing any aspect of the Settlement after the Court's final approval.

6. At the end of the 45-day opt-out period, the Settlement Administrator will report to the Parties the number of (i) notices of preliminary approval returned as undeliverable and (ii) Settlement Class members who have opted-out of the Settlement. The Settlement Administrator will use existing databases in an effort to find Settlement Class members whose notices were not delivered and will then re-mail the notice within ten days of obtaining a more current address. The Settlement Administrator will conduct only a single re-mailing of the notice to the Settlement Class members whose notices were returned as undeliverable.

7. If a combined total of 10 or more Settlement Class members properly opt-out of the settlement or submit timely objections, Defendants will have the right to withdraw from the Agreement in its entirety and the Agreement will be null and void for all purposes should Defendants decide to do so. The right to withdraw can be exercised only by a writing stating that Defendants are withdrawing from the Agreement, which is sent to Class Counsel by e-mail and regular U.S. mail, no later than 20 days after the expiration of the opt-out period.

8. If necessary pursuant to 28 U.S.C. §1715(b), within 10 days after the joint motion for preliminary approval is filed, Defendants will serve a notice of the proposed settlement on the appropriate federal and state officials.

D. Waiver And Release

1. In consideration of the payment in Section IV.E.3., Plaintiffs, on their own behalf, and on behalf of their heirs, descendants, dependents, executors, successors, assigns, and administrators (collectively, "Releasors"), fully release and discharge Defendants and their previous and present parents, subsidiaries, affiliates, predecessors, successors, representatives, officers, owners, investors, directors, agents, attorneys, accountants, assigns, and employees, in their personal, individual, official, and/or corporate capacities (collectively, the "Released Parties"), from any and all claims arising from any and all manner of claims, actions, causes of action, rights, judgments, debts, contracts, promises, allegations, demands, obligations, duties, suits, expenses, assessments, penalties, charges, injuries, losses, costs, damages, liabilities, and attorneys' fees, including, but not limited to, those claims asserted or that could have been asserted prior to the execution of this Agreement of every kind and manner whatsoever concerning, regarding, or arising in law or in equity, administrative or judicial, exclusive of the obligations under this Agreement, which Releasors had or now have against Released Parties, whether or not now known, claimed, asserted, suspected, or discoverable by

Releasors, based on any actions or events occurring on or before the date of Plaintiffs' execution of this Agreement.

2. Members of the Settlement Class (except any Settlement Class member who opts-out of the Settlement under paragraph IV.C.5.), and their respective heirs, descendants, dependents, executors, successors, assigns, and administrators, fully releases and discharges the Released Parties from any and all claims arising between June 1, 2017 and April 1, 2020 that are based upon the claims alleged in the operative Complaint in this matter (collectively "Released Claims"). Released Claims will not include claims for retaliation, discrimination, disability, injury, worker's compensation, or wage and hour claims not raised in the operative Complaint.

3. Nothing in this Agreement shall be construed as an attempt to waive any claim which is not waivable as a matter of law. Furthermore, nothing in this Agreement will be considered a waiver of any claims by Settlement Class members that may arise after April 1, 2020.

4. The Parties acknowledge that the above waiver and release was separately bargained for and is a material element of the Agreement.

5. By not opting out of this Settlement under paragraph IV.C.5, Settlement Class members will be deemed to have released their Released Claims. When finally approved by the Court, execution of the Agreement by Class Counsel will effectuate the release provisions herein to which each Settlement Class member is bound, even if each such person does not endorse or negotiate a settlement check.

E. Settlement Amounts

1. <u>Gross Settlement Amount</u>: In full consideration for the terms, conditions, and promises in this Agreement, Defendants agree to pay a Gross Settlement Amount not to exceed $255,000.00. This sum includes all amounts to be paid by Defendants under this Agreement including settlement payments to members of the Settlement Class, attorneys' fees, litigation expenses, interest, the employer portion of all payroll taxes, penalties, and any enhancement awards. The Gross Settlement Amount is the maximum amount Defendants are obligated to pay under the Agreement; in no event will Defendants be required to pay more than the Gross Settlement Amount. This is a non-reversionary settlement; there will be no claims process.

2. <u>Attorneys' Fees and Litigation Expenses</u>

a. Defendants agrees not to oppose a request by Class Counsel for reasonable attorneys' fees and litigation expenses in an amount not to exceed 36 percent of the Gross Settlement Amount. Class Counsel will not request fees and expenses in excess of this amount. Class Counsel must file his request for fees and expenses on the same day as the Parties' joint motion for final approval of the Settlement. These amounts will be paid only from the Gross Settlement Amount. The Settlement is not contingent on approval of the above

amount. Accordingly, even if the Court approves a lesser amount, this Agreement will remain enforceable.

b. Within the later of 20 days after (i) the Effective Date or (ii) an order approving attorneys' fees and litigation expenses and the expiration of the time for appealing such order or, if appealed, exhaustion of such appeal, Class Counsel will provide Defendants and the Settlement Administrator with a signed IRS form W-9.

c. Within the later of 10 days after the later of (i) the receipt of the signed IRS form W-9 described in paragraph IV.E.2.b.; (ii) the Effective Date; or (iii) an order approving attorneys' fees and litigation costs and expiration of the time to appeal such an order or, if appealed, exhaustion of the appeal, the Settlement Administrator will transmit the funds for such attorneys' fees and litigation costs by check or wire transfer (if requested) to Class Counsel.

3. <u>Class Representative Enhancement</u>: In recognition of their leadership role on behalf of the Settlement Class, time and effort in pursuing this action, and delay in receiving payment on their individual claims, the Plaintiffs will receive an enhancement in the amount of $4,119.16 for Plaintiff Susan Ho and $7,619.35 for Plaintiff Marisela Merino. The enhancement payments will be treated as non-wage income and will be included on the IRS form 1099 to be issued to Plaintiffs. Prior to the Effective Date, Plaintiffs will provide revised Forms W-4 to Defendants.

4. <u>Payroll Taxes, Deductions, and Withholdings</u>: All local, state, and federal taxes, deductions, and withholdings, including, but not limited to the employer's share of FICA, FUTA, SUTA, Medicare and any other applicable payroll taxes, for the payment amounts allocated to Settlement Class members in accordance with paragraph IV.E.7 will be paid from the Gross Settlement Amount.

5. <u>Cost of Settlement Administration</u>: The full cost of settlement administration, including payment for all services and mailings, will be paid from the Gross Settlement Amount. The Settlement Administrator will perform all services under this agreement for a flat fee of $1,800.00.

6. <u>Unapproved Amounts</u>: To the extent that the Court approves lesser amounts than provided in this Agreement for attorneys' fees and litigation costs, or for the Plaintiff's Class Representative Enhancement, the unapproved amounts will be allocated to Settlement Class members on the same pro rata basis as described in paragraph IV.E.7.a. and subtracted from the Gross Settlement Amount as set forth below in paragraph IV.E.8.b.

7. <u>Payment Amounts To The Settlement Class Members</u>

a. The Gross Settlement Amount, less all amounts required to be paid under paragraphs IV.E.2.-.E.5., will be allocated among the Settlement Class members on a pro rata basis based on the total amount of tips each Settlement Class Member diverted to kitchen staff between April 1, 2018 and April 1, 2020.

    b. Defendants' payroll services provider, with information provided by the Settlement Administrator, will calculate the amounts to be allocated to each Settlement Class member as described in paragraph IV.E.7.a.

    c. Settlement Class members will be ineligible to receive a payment if they opt-out of the settlement as set forth in paragraph IV.C.5.

    d. Settlement payments made to individual Settlement Class members will be allocated as follows: 50 percent to wages and 50 percent to penalties/interest.

    e. The appropriate withholding of federal, state, and local income taxes, each Settlement Class Member's share of FICA, FUTA, SUTA, Medicare, and any other payroll taxes including backup withholding or any other withholding, if required, will be made from the settlement payments to each Settlement Class Member. The Defendants will be solely responsible for all tax withholding determinations and payments. The Defendants will also issue IRS form W-2 to all each Settlement Class Members at the times and in the manner required by the Internal Revenue Code of 1986 and consistent with this Agreement for the portion of each payment attributable to wages, and IRS form 1099 for the portion attributable to interest. If the Internal Revenue Code, regulations issued thereunder, or other relevant tax laws change after the Effective Date, the content of this paragraph may be modified to ensure compliance with any such changes. The Defendants will be solely responsible for other withholdings, in addition to those referred to above.

   8. <u>Final Settlement Amount</u>

    a. Within 10 days after the Effective Date, Defendants will issue the appropriate payments identified herein, unless such payments will be made by direct deposit, under the Gross Settlement Amount for the Settlement Administrator to disseminate under this Agreement.

    b. The Gross Settlement Amount will be used to make all required payments under this Agreement, including the employer share of payroll taxes. Defendants will not be required to pay more than the Gross Settlement Amount under any circumstances.

  F. <u>Final Approval</u>

   1. Following the end of the opt-out period, the Parties will file a joint motion for final approval of the settlement. This motion will be filed within 7 days after the conclusion of the opt-out period or as otherwise directed by the Court. The Parties will take all necessary actions to secure final approval of the Agreement.

  G. <u>Delivery Of Settlement Checks</u>

   1. Within 20 days after the date of final approval, the Settlement Administrator will provide a final list of Settlement Class members agreed on by the Parties that will receive payments under the Settlement. The list will include for each member of the Settlement Class their (i) full name, (ii) best address, (iii) social security number, and (iv) pro

rata share of the Gross Settlement Amount less the applicable amounts paragraphs IV.E.2., E.3., and .E.5 but before the applicable payroll taxes and withholdings under paragraph IV.2.E.4.

2.   The Settlement Administrator, utilizing Defendants' payroll services provider, will mail all settlement checks, other than those that will be sent by direct deposit, within 30 days after the Effective Date. For any Settlement Class member whose settlement check is not cashed or is returned as undelivered, the Settlement Administrator will re-mail the check to a forwarding address, if one is available.

3.   The amount of settlement checks that cannot be delivered or are not presented for payment after 180 days of issuing will be, within 21 days, redistributed on a proportionate basis to those Settlement Class members who previously cashed checks within the expiration of the 180 day period..

4.   Defendant will issue an IRS form 1099 for each Settlement Class member showing the amount of additional compensation paid, and IRS form W-2 showing the amount of back pay in the year it was paid.

H.   Dismissal Of Action With Prejudice

Plaintiffs and Settlement Class members accept the benefits provided herein as consideration for their full release and satisfaction of all claims asserted in this action or covered in this Agreement. Based upon the provisions herein, Plaintiffs and Settlement Class members will dismiss this action with prejudice within twenty-one business days after the Gross Settlement Amount is delivered to the Settlement Administrator.

I.   Parties' Authority

1.   The signatories represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions of the Agreement.

2.   The Parties acknowledge that throughout negotiations they have been represented by counsel experienced in wage and hour class litigation and that this Agreement is made with the consent and approval of counsel who have prepared the Agreement.

J.   Mutual Full Cooperation

The Parties agree to cooperate to implement and effectuate the terms of this Agreement including executing all necessary documents.

K.   Modification

This Agreement and its exhibits may not be changed, altered, or modified, except in writing signed by the Parties, and approved by the Court.

  L. <u>Entire Agreement</u>

This Agreement and its exhibit constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic evidence of any kind will modify or contradict the terms of this Agreement. Defendants represent and warrant, however, that the financial information and disclosures Defendants have made to Plaintiffs' counsel have been true, complete and accurate to the best of Defendants' knowledge, information and belief.

  M. <u>Voiding The Agreement</u>

   1. Defendants may void the agreement under the conditions specified in paragraph IV.C.7.

   2. In the event this Agreement is not approved by the Court in its entirety or is disapproved on appeal, the Agreement will be null and void in its entirety, unless expressly agreed to in writing by the Parties.

   3. If judicial approval of the Agreement is otherwise denied, the Parties will attempt to reach agreement on provisions rejected by the Court for a period not less than 45 days after the date approval is denied. The Parties will file a joint motion for a stay of the action during the 45-day period.

  N. <u>Counterparts</u>

This Agreement may be executed in counterparts, and when each Party has executed at least one counterpart, the counterpart will be deemed an original, and when considered together, will constitute one Agreement, which will be binding and effective as to all Parties.

  O. <u>Miscellaneous</u>

   1. The Parties agree to the stay of all proceedings in this action, except as may be necessary to implement the terms of the Agreement, pending final approval of the Agreement.

   2. The District Court for the District of Colorado will maintain jurisdiction in this action to interpret and enforce this Agreement, which will be interpreted under the laws of the state of Colorado.

   3. No party or Settlement Class member will be considered a prevailing party for any purpose.

In witness hereof, the Parties' authorized representatives have executed this Agreement below.

Dated: __7/22/2021__                  _____
                                      Marisela Merino

Dated: __7/22/2021__                  _____
                                      Susan Ho

Dated: _____                 _____
                                      Michael Spradlin

Dated: _____                 _____
                                      Sara Martz


                                      RCG Rifle, LLC

Dated: _____                 _____
                                      By: _____
                                      Position: _____

4830-4035-1474.1

Dated: _____

Marisela Merino

Dated: _____

Susan Ho

Dated: 7/23/21

Michael Spradlin

Dated: 7/23/21

Sara Martz

RCG Rifle, LLC

Dated: 7/23/21

By: MICHAEL SPRADLIN
Position: MEMBER

| Employee | Total Tips to BOH | Add'l @ 1.25 | PRE-TAX GROSS |
|---|---:|---:|---:|
| Susan Ho | $ 3,947.04 | $ 4,933.80 | $ 8,880.84 |
| Claudia Rodriguez | $ 3,387.43 | $ 4,234.29 | $ 7,621.72 |
| Christina Phelan | $ 3,123.61 | $ 3,904.51 | $ 7,028.12 |
| Samantha Dickerson | $ 2,972.82 | $ 3,716.03 | $ 6,688.85 |
| Kristen Velinksy | $ 2,927.38 | $ 3,659.23 | $ 6,586.61 |
| Bobbie Long | $ 2,866.88 | $ 3,583.60 | $ 6,450.48 |
| Raychel Daniel | $ 2,592.47 | $ 3,240.59 | $ 5,833.06 |
| Heather Turnbow | $ 2,587.65 | $ 3,234.56 | $ 5,822.21 |
| Marisela Merino | $ 2,391.40 | $ 2,989.25 | $ 5,380.65 |
| Baily Howe | $ 2,346.89 | $ 2,933.61 | $ 5,280.50 |
| Taylor Robbins | $ 2,191.36 | $ 2,739.20 | $ 4,930.56 |
| Melissa Chambers | $ 2,077.79 | $ 2,597.24 | $ 4,675.03 |
| Monika Waganer | $ 1,848.67 | $ 2,310.84 | $ 4,159.51 |
| Stevie Stone | $ 1,706.37 | $ 2,132.96 | $ 3,839.33 |
| Nathaniel Ornong | $ 1,702.81 | $ 2,128.51 | $ 3,831.32 |
| Krista King | $ 1,611.29 | $ 2,014.11 | $ 3,625.40 |
| JenaRae Sandoval | $ 1,521.88 | $ 1,902.35 | $ 3,424.23 |
| Raelyn Sandoval | $ 1,478.60 | $ 1,848.25 | $ 3,326.85 |
| Kiana Silveira | $ 1,378.03 | $ 1,722.54 | $ 3,100.57 |
| Katie Kellerby | $ 1,157.24 | $ 1,446.55 | $ 2,603.79 |
| Olivia Brehm | $ 1,031.78 | $ 1,289.73 | $ 2,321.51 |
| Kimberly Rodriguez | $ 979.37 | $ 1,224.21 | $ 2,203.58 |
| Tricia Mathews | $ 978.33 | $ 1,222.91 | $ 2,201.24 |
| Haley Walker | $ 897.31 | $ 1,121.64 | $ 2,018.95 |
| Timothy Shriver | $ 875.86 | $ 1,094.83 | $ 1,970.69 |
| Caly Lovern | $ 850.38 | $ 1,062.98 | $ 1,913.36 |
| Michelle Troy | $ 828.58 | $ 1,035.73 | $ 1,864.31 |
| Emerald Martz | $ 798.27 | $ 997.84 | $ 1,796.11 |
| Mikah Phillips | $ 795.38 | $ 994.23 | $ 1,789.61 |
| Hunter Metcalf | $ 777.51 | $ 971.89 | $ 1,749.40 |
| Jeremiah Mobley | $ 749.65 | $ 937.06 | $ 1,686.71 |
| Melody Reddick | $ 725.82 | $ 907.28 | $ 1,633.10 |
| Lucinda Beville | $ 640.02 | $ 800.03 | $ 1,440.05 |
| Brittnee Snider | $ 639.78 | $ 799.73 | $ 1,439.51 |
| Ayiana Goodlake | $ 623.67 | $ 779.59 | $ 1,403.26 |
| Keely Kelley | $ 616.31 | $ 770.39 | $ 1,386.70 |
| Karmen Quintana | $ 599.50 | $ 749.38 | $ 1,348.88 |
| Tia Cannedy | $ 515.47 | $ 644.34 | $ 1,159.81 |
| Holly Keesee | $ 464.43 | $ 580.54 | $ 1,044.97 |
| Rileigh Monahan | $ 458.96 | $ 573.70 | $ 1,032.66 |
| Betina Solis | $ 454.88 | $ 568.60 | $ 1,023.48 |
| Dylan Martin | $ 452.80 | $ 566.00 | $ 1,018.80 |
| Lacey Kopecky | $ 448.05 | $ 560.06 | $ 1,008.11 |
| Joel Stucky | $ 410.00 | $ 512.50 | $ 922.50 |
| Mindy Gonzales | $ 402.33 | $ 502.91 | $ 905.24 |
| Kristin Allen | $ 355.75 | $ 444.69 | $ 800.44 |

| Name | | | | | |
|---|---|---|---|---|---|
| Hayden Gardner | $ | 299.90 | $ | 374.88 | $ | 674.78 |
| Kimmy Wells | $ | 299.83 | $ | 374.79 | $ | 674.62 |
| Katie Crites | $ | 297.62 | $ | 372.03 | $ | 669.65 |
| Adrianna Blea | $ | 283.42 | $ | 354.28 | $ | 637.70 |
| Cassandra Bruekmann | $ | 280.55 | $ | 350.69 | $ | 631.24 |
| Starleith Humphries | $ | 267.03 | $ | 333.79 | $ | 600.82 |
| Samantha Lipscomb | $ | 240.76 | $ | 300.95 | $ | 541.71 |
| Allie Magee | $ | 235.34 | $ | 294.18 | $ | 529.52 |
| Carrie Bascom | $ | 232.10 | $ | 290.13 | $ | 522.23 |
| Sabre Lewis | $ | 231.86 | $ | 289.83 | $ | 521.69 |
| Katelyn Cordova | $ | 189.25 | $ | 236.56 | $ | 425.81 |
| Chad Green | $ | 179.48 | $ | 224.35 | $ | 403.83 |
| Romelia Diaz | $ | 178.67 | $ | 223.34 | $ | 402.01 |
| Jacob Jacobson | $ | 173.11 | $ | 216.39 | $ | 389.50 |
| Ashley Riley | $ | 172.81 | $ | 216.01 | $ | 388.82 |
| Lisa Justice | $ | 161.03 | $ | 201.29 | $ | 362.32 |
| Kobi Parker | $ | 129.37 | $ | 161.71 | $ | 291.08 |
| Taylor Vashon | $ | 127.05 | $ | 158.81 | $ | 285.86 |
| Ally Barnard | $ | 120.44 | $ | 150.55 | $ | 270.99 |
| Anna Wells | $ | 108.59 | $ | 135.74 | $ | 244.33 |
| Breann Bailey | $ | 106.62 | $ | 133.28 | $ | 239.90 |
| Gabrelle Eckley | $ | 102.47 | $ | 128.09 | $ | 230.56 |
| Ariana Waganer | $ | 99.00 | $ | 123.75 | $ | 222.75 |
| Heaven Roundtree | $ | 98.27 | $ | 122.84 | $ | 221.11 |
| Kasey Johnson | $ | 77.74 | $ | 97.18 | $ | 174.92 |
| Kristell Kretschman | $ | 72.70 | $ | 90.88 | $ | 163.58 |
| Jazmine Vanvalkenburg | $ | 71.47 | $ | 89.34 | $ | 160.81 |
| Alyssa Breckheimer | $ | 54.08 | $ | 67.60 | $ | 121.68 |
| Brandy Clancy | $ | 42.86 | $ | 53.58 | $ | 96.44 |
| Jolene Scarrow | $ | 42.75 | $ | 53.44 | $ | 96.19 |
| Alexis Koontz | $ | 35.23 | $ | 44.04 | $ | 79.27 |
| Jessica Smith | $ | 26.75 | $ | 33.44 | $ | 60.19 |
| Carrie Kuersten | $ | 20.91 | $ | 26.14 | $ | 47.05 |
| Charles Chrysler | $ | 15.97 | $ | 19.96 | $ | 35.93 |
| Savannah Gonzales | $ | 12.96 | $ | 16.20 | $ | 29.16 |
| Angelo Duran | $ | 5.94 | $ | 7.43 | $ | 13.37 |
| Carly Thompson | $ | 4.31 | $ | 5.39 | $ | 9.70 |
| Madeline Lacefield | $ | 3.57 | $ | 4.46 | $ | 8.03 |
| Krystle Block | $ | 1.80 | $ | 2.25 | $ | 4.05 |
| | | | | | $ | 153,655.81 |

## NOTICE OF PROPOSED SETTLEMENT AND RIGHT TO OPT-OUT

*Marisela Merino v. RCG Rifle, LLC, Michael Spradlin and Sara Martz,*
*No. 20-cv-1570-NRN (D.Colo.)*

*A COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**TO: [*INSERT CLASS MEMBER'S NAME*]**

- **PLEASE READ THIS NOTICE CAREFULLY. IT TELLS YOU ABOUT THE SETTLEMENT OF A CLASS ACTION LAWSUIT THAT INCLUDES YOU.**

- **YOU ARE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT OF THIS LAWSUIT.**

- **IF YOU WISH TO OBJECT TO OR EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

- **IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.**

A proposed settlement has been reached between the parties in this class action pending in the United States District Court for the District of Colorado brought on all current and former tip credit servers working at Defendants' Grand Junction, Fruita and Rifle Rib City locations at any time between April 1, 2018 and April 1, 2020 who participated in Defendants' former tip pool that included kitchen staff (the "Settlement Class"). The court has preliminarily approved the settlement.

You are receiving this Notice because you are a member of the Settlement Class. This Notice informs you of how you can object to the settlement or exclude yourself from the settlement. If the settlement is finally approved by the Court, you will receive a settlement payment and will be bound by the settlement unless you exclude yourself from the settlement by following the instructions in this Notice.

If the Court finally approves the settlement and you do not exclude yourself from the settlement, you will receive a gross, pre-tax payment of approximately ***$[insert amount]***.

The Court will decide whether to finally approve the settlement during a hearing ("the Fairness Hearing") to be conducted at [insert time] on [insert date] 2021, in _____.

# EXHIBIT B

**What Is The Class Action About?**

This action involves a class of _____ current and former Rib City employees who participated in Defendants' tip pool with included kitchen staff. The action seeks unpaid wages on behalf of these individuals. Defendants deny any wrongdoing or liability. The settlement is an effort by both sides to avoid costly litigation. The Court has not decided who is right.

**What Are My Rights?**

You have the following choices:

| | |
|---|---|
| **DO NOTHING AND STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Settlement Class and you will receive a settlement payment. You will be legally bound by all orders and judgments entered by the Court, and will not be able to sue, or continue to sue, Defendants in any lawsuit relating to the alleged miscalculation of overtime compensation during the time period covered by the settlement. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS**<br><br>**Postmark Deadline: [45 days after Notice mailed]** | You may exclude yourself from of the Settlement Class. If you exclude yourself, you will receive no benefits or payment, you will not give up any legal claims you may have against Defendants, and you will not be bound by any orders or judgments of the Court. To exclude yourself from the settlement, you must send a letter stating that you want to exclude yourself from the Settlement Class. This letter must include your name, address, telephone number, and the last four digits of your social security number. The letter must be mailed to the following address: _____ (c/o Rib City Settlement). To be valid, the letter must be postmarked by [insert date]. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT**<br><br>**Postmark Deadline: [45 days after Notice mailed]** | You may object to the settlement. If you object and the Court finally approves the settlement over your objection, you will remain in the Settlement Class, receive a settlement payment, be legally bound by all orders and judgments entered by the Court, and will not be able to sue, or continue to sue, Defendants in any lawsuit relating to the claims in this lawsuit. To object to the settlement, you must send a letter describing the reasons for your objection. This letter must include your name, address, telephone number, and the last four digits of your social security number. The letter must be mailed to the following address: _____ (c/o Rib City Settlement). To be valid, the letter must be postmarked by [insert date]. Finally, if you object to the settlement, |

# EXHIBIT B

> you are entitled to appear at that Fairness Hearing and will be provided with an opportunity to further explain the basis for your objection to the Court.

**Do I Have A Lawyer In The Lawsuit?**

The Court has appointed the following attorney ("Class Counsel") to represent you and other members of the Settlement Class:

>   Brian D. Gonzales, Esq.
>   The Law Offices of Brian D. Gonzales, PLLC
>   2580 East Harmony Road, Suite 201.
>   Fort Collins, CO 80528
>   Phone: (970) 214-0562
>   Email:  bgonzales@coloradowagelaw.com

You will *not* be required to pay the above attorney from your settlement payment. This attorney will submit a motion requesting that the Court award him no more than thirty-six percent of the Gross Settlement Amount of $255,000.00 for his accumulated attorney's fees and out-of-pocket expenses.

If you want your own lawyer, you may hire one at your own expense. If you do so, your lawyer must file an appearance in the action.

**What Will I Receive From The Settlement?**

The Gross Settlement Amount is $255,000. This is the maximum amount that Defendants are obligated to pay under the settlement. This amount consists of (i) up to $91,800) for attorney's fees and litigation costs, (ii) up to $_____ for the named plaintiffs, (iii) $1,800 for settlement administration costs, and (iv) $_____ to compensate Settlement Class members who do not exclude themselves from the settlement. This $255,000 amount includes all payroll taxes and withholdings, including Defendant's share of such taxes and withholdings.

Your individual payment amount is based on the total amount of your tips that were diverted to kitchen staff between April 1, 2018 and April 1, 2020.

**What Do I Give Up As A Result Of The Settlement?**

In consideration for your eligibility to receive your settlement payment, you will be releasing

EXHIBIT B

Defendants and their respective heirs, descendants, dependents, executors, successors, assigns, and administrators, from any and all claims arising between June 1, 2017 and April 1, 2020 that are based upon the claims alleged in the operative Complaint in this matter

**When Will The Court Decide Whether To Give Final Approval To The Settlement?**

The Court will hold the Fairness Hearing at [insert time] on [insert date] 2021, in _____. At this time, the Court will review the papers submitted by the parties and any objectors, and hear any properly noticed witnesses. The Court will decide either at or after the fairness hearing whether to grant final approval of the settlement, and will issue a written order of its decision.

**May I Attend The Fairness Hearing?**

Yes, any Settlement Class member may attend the hearing, but you do not need to do so in order to receive your individual payment amount. If you object to the settlement, you may submit your objections, as detailed above, along with any supporting documents, and declare your intent to appear at the fairness hearing, either personally or through an attorney.

**What Happens If The Court Does Not Give Final Approval?**

If the Court denies the parties' request for final approval of the Settlement Agreement, no payments will be made under the settlement and this action will revert to its status immediately prior to the execution of the Settlement Agreement.

**If The Settlement Is Approved, When Will I Receive My Settlement Check?**

If the Court grants final approval, the Settlement Agreement will become effective after expiration of the time for all appeals of the Court's final approval order or, if an appeal is filed, a final determination that the settlement should be approved. If you are eligible for an individual settlement amount, it will be distributed to you within 30 days after the settlement becomes effective.

**How Will My Settlement Amount Be Distributed To Me?**

If you are eligible for a settlement payment, the settlement administrator will send you two checks. 50 percent of your settlement amount will be allocated to back pay and this portion will be subject to withholding of federal, state, and local income and payroll taxes, as well as any other required withholdings such as garnishments. You will receive an IRS Form W-2 for this payment from the settlement fund. The remaining 50 percent of your settlement amount will be for non-wages (penalties/interest) and will not be subject to any payroll or income tax withholding unless you are subject to backup withholding or other required withholdings. Only 50 percent of your settlement monies received as a result of this settlement will be taxed as wages. Taxes will not be withheld by Defendant from the remaining portion. You will receive an IRS Form 1099 for this second amount. The employer's share of taxes will also be paid from the Gross Settlement Amount.

**Who Is Responsible For Paying The Taxes On My Settlement Amount?**

You are solely responsible for paying taxes based on your receipt of a settlement payment. Neither

# EXHIBIT B

your attorneys nor Defendant's attorneys can provide any advice about such tax payments. You should consult your tax advisor if you have questions about the tax consequences of your individual settlement payments.

**How Can I Get a Copy of the Settlement Agreement and the Court's Preliminary Approval Order?**

This Notice is a summary of your legal rights. These documents and all other pleadings and records in this lawsuit may be examined at any time during regular business hours in the Clerk's Office at _____.

**What If I Have Questions About This Notice Or My Individual Settlement Amount?**

If you have questions concerning the settlement, you contact Class Counsel as described above.

*You should not contact the Court if you have questions about the settlement or this Notice.*

EXHIBIT B