**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01570-NRN

MARISELA MERINO, Individually and on behalf of all similarly situated persons,

      Plaintiff

v.

RCG RIFLE, LLC, MICHAEL SPRADLIN and SARA MARTZ,

      Defendants

---

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

Before the Court is the *Joint Motion for Final Approval of Class Action Settlement*. The Parties having appeared before the Court on October 15, 2021 for a Final Approval Hearing in the above-captioned matter, the Court having reviewed the Parties' Joint Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.    The Court entered a Preliminary Approval Order on June 1, 2020 (ECF No. 78, the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23(e), ordering notice to potential class members and scheduling a Fairness Hearing, and providing potential class members with an opportunity either to exclude themselves from the Settlement Class and settlement or to object to the proposed settlement (the "Settlement"). The Parties

complied with the Preliminary Approval Order.  The Court held a Fairness Hearing on October 15, 2021 to determine whether to give final approval to the Settlement

2.        This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only by the Preliminary Approval Order and defined as follows:

> ALL TIP CREDIT SERVERS WORKING AT DEFENDANTS' GRAND JUNCTION, FRUITA AND RIFLE LOCATIONS AT ANY TIME BETWEEN APRIL 1, 2018 AND APRIL 1, 2020 WHO PARTICIPATED IN DEFENDANTS' FORMER TIP POOL THAT INCLUDED KITCHEN STAFF.
>
> (the "Settlement Class").

3.        The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and Rule 23(b)(3) for purposes of settlement of this action.  Accordingly, the Court finally certifies the Settlement Class for purposes of settlement of this action.

4.        The Court designates Marisela Merino and Susan Ho as class representatives and appoints the following attorneys as Class Counsel:

> Brian David Gonzales, Esq.
> **THE LAW OFFICES OF BRIAN D. GONZALES**
> 2580 East Harmony Road, Suite 201
> Fort Collins, CO 80528
> Telephone: (970) 214-0562
> BGonzales@ColoradoWageLaw.com

5.        The Court finds that Plaintiffs and Class Counsel have fairly, fully, and adequately represented and protected the interests of the Settlement Class and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(e)(2)(A).

6.    The Notice of Proposed Settlement and Right to Opt-Out (the "Class Notice") was sent to the 83 members of the Settlement Class (the "Class Members") via First Class Mail.  The Court finds the Class Notice adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement.  No objections were made to the Settlement and no Class Members opted-out of the Settlement.

7.    The Class Notice also adequately informed the Class Members of Class Counsel's contact information, where Class Members could access additional information regarding the case and Settlement.  The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

8.    The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses and the complexity, length, and expense of further litigation, support approval of the Settlement.  The settlement amount of $255,000 (the "Maximum Gross Settlement Amount"), as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims.   The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendants, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims.  No objections to the

Settlement were made by the Class Members, and this fact likewise supports approval. The Settlement treats all Class Members equitably relative to each other. Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

9.    The Court finds that the Class Representatives, in prosecuting the case on behalf of the Class Members, made a substantial contribution to its outcome, and are therefore deserving of service awards in recognition of their effort. Service Awards in the sum of $7,619.35 for Ms. Merino and $4,119.16 for Ms. Ho therefore are approved.

10.    Class Counsel is awarded $87,805.65 in attorneys' fees and litigation costs, which is approximately 34.5% of the Maximum Gross Settlement Amount. Class Counsel's attorneys' fees shall be paid from the Maximum Gross Settlement Amount.

11.    The Parties shall administer the Settlement as set forth in the Settlement Agreement. The Settlement Administrator shall make payments to each Class Member in accordance with the calculations provided by and on the terms set forth in the Settlement Agreement. The costs of the Settlement Administrator in an amount not to exceed $1,800 shall be deducted from the Maximum Gross Settlement Amount.

12.    The Parties are directed to file a motion to dismiss or stipulation of dismissal of this action in accordance with the terms of the Settlement Agreement.

**SO ORDERED.**

**DATE**____October 18, 2021_____

_____
**N. Reid Neureiter**
**United States Magistrate Judge**